**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL MORTON<br>2615 Skyview Avenue<br>Langhorne, PA 19053<br><br>Plaintiff,<br><br>v.<br><br>PRIME HEALTHCARE SERVICES - LOWER BUCKS, LLC d/b/a/ LOWER BUCKS HOSPITAL<br>501 Bath Road<br>Bristol, PA 19007-3101<br><br>and<br><br>PRIME HEALTHCARE SERVICES, INC.<br>3480 E. Guasti Road<br>Ontario, CA 91761-7684<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Mr. Michael Morton ("Plaintiff" or "Mr. Morton"), by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Mr. Morton has initiated this action to redress violations by Prime Healthcare Services Lower Bucks Hospital, LLC and Prime Healthcare Services, Inc. (collectively "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. § 12101 et seq.); the Family and Medical Leave Act ("FMLA" - 29 U.S.C. § 2601 et seq.), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 et seq.), and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. § 951 et seq.).

2. Mr. Morton alleges, *inter alia*, that Defendants discriminated against him on the basis of his disabilities and age by terminating him under pretextual circumstances in close proximity to his usage of FMLA and ADA accommodations.

3. As a direct consequence of Defendants' unlawful actions, Mr. Morton seeks damages as set forth herein.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as his federal claims asserted herein.

5. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6. Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district because the events giving rise to this lawsuit occurred here and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

7. On or about September 22, 2025, Mr. Morton dual-filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").

8. Mr. Morton has properly exhausted his administrative remedies before initiating this action by timely dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue letter.

## PARTIES

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Mr. Morton is seventy-two (72) year old individual, with an address as set forth in the caption.

11. Defendant Prime Healthcare Services, Inc., is the fifth largest for-profit health system in the United States. It actively owns and manages over eighteen (18) hospitals including Prime Healthcare Services-Lower Bucks, LLC d/b/a Lower Bucks Hospital.

12. Defendant Prime Healthcare Services-Lower Bucks, LLC d/b/a Lower Bucks Hospital is a Delaware limited liability company with a principal place of business as set forth in the caption where it employed Mr. Morton.

13. Due to overlapping resources, management, advertising, control, benefits, directives, and other (joint and integrated) management structures, Defendants are properly single, joint and/or integrated employers for all purposes in this lawsuit.

14. Defendant Prime Healthcare Services, Inc. exercised centralized control over employment matters, personnel policies, employee benefits, HR administration, disciplinary practices, and termination decisions involving Plaintiff.

15. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

16. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17. On or about October 18, 2021, Defendants hired Mr. Morton and employed him as a Facility Director until unlawfully terminating his employment on or about September 12, 2025, as discussed herein.

18. Throughout his employment, Mr. Morton was a hardworking employee who had little or no performance or disciplinary history.

19. During his employment, Mr. Morton was primarily supervised by Defendants' Regional Director of Facilities, Operations and Construction Chris McIvor ("McIvor"), and Defendants' Chief Executive Officer Michael Motte ("Motte").

20. Leading up to his eventual termination, Mr. Morton developed serious medical conditions and impairments, including without limitation, end-stage renal disease, kidney failure and related conditions.

21. As a result of these aforementioned disabilities and serious medical conditions, Mr. Morton was substantially limited in performing major life activities such as, without limitation, the functioning of his renal system.

22. Mr. Morton disclosed his aforementioned disabilities to Defendants' management and Human Resources ("HR"), including his need for dialysis and a kidney transplant, submitted completed ADA and FMLA medical certifications, and thereafter utilized intermittent medical leave in connection with his disabilities (protected under both the ADA and FMLA) to undergo routine dialysis, treat his conditions, and attend medical appointments.

23. Specifically, Mr. Morton was undergoing dialysis treatments approximately three (3) days per week.

24. In or about early 2025, Mr. Morton observed McIvor's attitude shift (after disclosing his aforementioned disabilities and need for accommodations/medical leave).

25. By way of brief example, McIvor would outwardly act as though Mr. Morton's presence and ongoing employment annoyed him, would make snide remarks about Mr. Morton's need for accommodations, display expressions of annoyance, and was generally short and abrasive with Mr. Morton.

26. In or about late July 2025, McIvor even interrogated Mr. Morton as to how much he "actually" worked, a thinly veiled reference to his need for intermittent medical leave.

27. When Mr. Morton responded that he still worked full-time for Defendants, McIvor retorted sarcastically, "more like a few hours per day."

28. To be clear, Mr. Morton was a salaried and exempt full-time employee and typically made up any missed time associated with his aforementioned disabilities.

29. On September 12, 2025, Defendants' Regional Human Resources Director, Kevin Carrion ("Carrion"), suddenly informed Mr. Morton that his employment was being terminated, purportedly because he had been observed sleeping at work on September 11, 2025.

30. Specifically, on September 11, 2025, Carrion reportedly photographed Mr. Morton at approximately 4:00 p.m., allegedly while Mr. Morton was sleeping. This occurred after the conclusion of Mr. Morton's customary workday.

31. Shortly thereafter, Carrion spoke with Mr. Morton about two job postings and agreed to follow up with him the following day, without any indication that Mr. Morton's employment was in jeopardy.

32. In reality, Defendants' management seized upon this incident and their stated reason for terminating Mr. Morton was pretextual.

33. By way of example, Mr. Morton was a salaried, exempt employee who customarily began his workday between approximately 6:00 a.m. and 7:00 a.m. His workday ordinarily concluded at approximately 3:30 p.m., when most of his direct reports completed their shifts. Nevertheless, Mr. Morton frequently remained at work beyond that time to fulfill his responsibilities.

34. At the time of the alleged incident, Mr. Morton had already completed his customary workday. Alternatively, to the extent he was resting, he was doing so during a break after completing his ordinary work responsibilities.

35. Prior to September 12, 2025, Mr. Morton had not been counseled or disciplined for sleeping at work or engaging in comparable misconduct. His termination followed his disclosure of serious medical conditions, his use of disability-related accommodations and medical leave, and his supervisor's expressed frustration concerning his absences.

36. Upon information and belief, Defendants subsequently replaced Mr. Morton with Patrick Bradley, a substantially younger employee.

37. In the months preceding Mr. Morton's termination, another substantially younger employee, Darryl (last name unknown), had been observed sleeping while on duty on multiple occasions without being immediately terminated.

38. Although Defendants also terminated Darryl on or about September 12, 2025, they previously permitted him to remain employed despite multiple instances of comparable alleged misconduct. In contrast, Defendants terminated Plaintiff following a single alleged incident despite his absence of prior discipline for similar conduct.

39. Plaintiff avers that these circumstances, considered together with management's comments concerning his disability-related absences and his subsequent replacement by a substantially younger employee, support an inference that Defendants' stated justification for his termination was pretextual.

## COUNT I
## Violations of the ADA
## ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff suffers from qualifying health conditions under the ADA, which at times substantially limited one or more major life activities (as set forth *supra*).

42. Despite Plaintiff’s aforementioned health conditions and limitations, he was still qualified and able to perform the essential functions of his position with Defendants.

43. Prior to his termination, Plaintiff disclosed his aforementioned disabilities/serious medical conditions to Defendants' management and requested accommodations shortly before Defendants terminated his employment.

44. Plaintiff therefore avers that his actual/perceived disabilities or record of impairment were a motivating/determinative factor in the termination of his employment with Defendants.

45. Plaintiff avers that Defendants failed to engage in a good faith interactive process, terminated him to avoid having to further reasonably accommodate him, and/or that he was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the ADA.

46. Defendants' actions constitute violations of the ADA.

**COUNT II**
**<u>Violations of the PHRA</u>**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff suffers from qualifying health conditions under the PHRA, which at times substantially limited one or more major life activities (as set forth supra).

49. Despite Plaintiff's aforementioned health conditions and limitations, he was still qualified and able to perform the essential functions of his position with Defendants.

50. Prior to his termination, Plaintiff disclosed his aforementioned disabilities/serious medical conditions to Defendant's management and requested accommodations shortly before Defendants terminated his employment.

51. Plaintiff therefore avers that his actual/perceived disabilities or record of impairment were a motivating/determinative factor in the termination of his employment with Defendants.

52. Plaintiff avers that Defendants failed to engage in an interactive process, refused to reasonably accommodate him, and/or that he was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the PHRA.

53. Defendant's actions constitute violations of the PHRA.

**COUNT III**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. Plaintiff was an eligible employee under the definitional terms of the FMLA.

56. Plaintiff had been employed by Defendants for at least twelve months and provided Defendants with appropriate notice of his need for protected leave.

57. During the twelve-month period immediately preceding his use of the FMLA leave at issue, Plaintiff had worked at least 1,250 hours for Defendant.

58. At all relevant times, Plaintiff was employed at a worksite at which Defendants employed at least fifty (50) employees within a seventy-five (75) mile radius during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year.

59. Plaintiff was entitled to receive leave for a total of twelve (12) workweeks of leave on a block or intermittent basis.

60. Leading up to his termination, Plaintiff utilized protected medical leave to treat and care for his own serious medical conditions.

61. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff after he requested or required FMLA leave; (2) terminating Plaintiff in retaliation for using FMLA leave; (3) terminating Plaintiff to prevent his continued use of FMLA leave; (4) by terminating his employment while he continued to require and remain eligible for intermittent FMLA leave, thereby preventing him from exercising his entitlement to additional protected leave; and (5) taking actions toward him that would dissuade a reasonable person from exercising his or her rights under the FMLA.

62. Defendant's foregoing actions constitute violations of the FMLA.

## COUNT IV
## Violations of the Age Discrimination in Employment Act ("ADEA")
## (Age Discrimination)

63. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

64. At the time of his termination, Plaintiff was seventy-two (72) years old and was a member of the class of individuals protected by the ADEA.

65. Despite his qualifications and prior employment history, Defendants terminated his employment under circumstances giving rise to an inference of age discrimination, including, upon information and belief, his subsequent replacement by Patrick Bradley, a substantially younger individual.

66. Defendants intentionally discriminated against Plaintiff because of his age, which was a but-for cause of the decision to terminate his employment, in violation of the ADEA.

67. Defendants' actions as outlined in this lawsuit constitute unlawful discrimination in violation of the ADEA.

**COUNT V**
**Violations of the PHRA**
**(Age Discrimination)**

68. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

69. At the time of his termination, Plaintiff was seventy-two (72) years old and was a member of the class of individuals protected by the PHRA.

70. Despite his qualifications and prior employment history, Defendants terminated his employment under circumstances giving rise to an inference of age discrimination, including, upon information and belief, his subsequent replacement by Patrick Bradley, a substantially younger individual.

71. Defendants' conduct, as described herein, constitutes unlawful age discrimination in violation of the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first

suffered unlawful employment practices, retaliation, and discrimination at the hands of Defendants until the date of verdict;

B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including compensatory damages and damages for emotional distress;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com

Dated: November 23, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Michael Morton | : | CIVIL ACTION |
| v. | : | |
| Prime Healthcare Services - Lower Bucks, LLC d/b/a Lower Bucks Hospital, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 11/23/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:______________ Judge:______________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):______________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MORTON, MICHAEL

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

PRIME HEALTHCARE SERVICES - LOWER BUCKS, LLC D/B/A LOWER BUCKS HOSPITAL, ET AL.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
ADA (42USC12101); FMLA (29USC2601); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, FMLA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 11/23/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______